JUDGE OETKEN

UNITED STATES DISTRICT COURT 13 CV 8366
SOUTHERN DISTRICT OF NEW YORK
_____x

ROBERTO DEJESUS,
                                    Plaintiff         :

        -against-                                     :    **COMPLAINT**
                                                      :    **AND JURY DEMAND**
                                                      :
                                                      :    No.
THE CITY OF NEW YORK, and                             :
CORRECTION OFFICERS MICHAEL                           :
PATRICK McLAUGHLIN, LARON REESE,                      :
RICHARD TARDI, EDITH MARGARITO                        :
 of the NEW YORK CITY DEPARTMENT OF                   :
CORRECTION                                            :
                                                      :
                                    Defendant(s),     :
_____x



## PRELIMINARY STATEMENT

1.      This is an action for monetary damages (compensatory and punitive)

against THE CITY OF NEW YORK, OFFICERS MICHAEL PATRICK

McLAUGHLIN, LARON REESE, RICHARD TARDI and EDITH MARGARITO of

the New York City Department of Correction ("NYCDOC"), arising out of the false

arrest, false imprisonment, assault, battery and malicious prosecution of plaintiff

ROBERTO DeJESUS.

2.      On November 23, 2010, CORRECTION OFFICERS MICHAEL

PATRICK McLAUGHLIN, LARON REESE, RICHARD TARDI and EDITH

MARGARITO of the NYCDOC, and other members of the NYCDOC, acting under

the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*,

false arrest, false imprisonment and detention, and assault and battery in

retaliation for acts of which plaintiff was innocent. The unreasonable seizure of the plaintiff and his property and the use of excessive force were in violation of plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

3.    In addition, after the plaintiff was arrested defendants caused plaintiff to be maliciously prosecuted.

4.    The Plaintiff, ROBERTO DeJESUS, through his attorneys, complaining of the Defendants, respectfully alleges:

## JURISDICTION

5.    This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth, Eighth, Fourteenth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

6.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

7.    Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the Complaint occurred within the boundaries of the Southern District of New York, particularly Riker's Island.

## PARTIES

8.      Plaintiff at all times relevant hereto was detained by NYCDOC and was incarcerated on Riker's Island at Otis Bantum Correctional Center ("OBCC"), located at 16-00 Hazen Street, East Elmhurst, NY 11370.

9.      Upon information and belief, Defendant CITY OF NEW YORK was, at all times relevant to these allegations, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

10.     The NYCDOC was, at all times relevant to these allegations, an agency of Defendant CITY OF NEW YORK.

11.     On information and belief, Defendants CORRECTION OFFICERS MICHAEL PATRICK McLAUGHLIN, LARON REESE, RICHARD TARDI and EDITH MARGARITO and other members of the NYCDOC were, at all times relevant to these allegations, employees of Defendant CITY OF NEW YORK, as correction officers employed by the NYCDOC.

12.     At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

13.     Defendants CORRECTION OFFICERS MICHAEL PATRICK McLAUGHLIN, LARON REESE, RICHARD TARDI and EDITH MARGARITO and other members of the NYCDOC are named in this Complaint both personally and in their official representative capacities as police officers employed by Defendant CITY OF NEW YORK. Each and all of the acts alleged in this Complaint were done

3

by the individual defendants and each of them, under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of Defendant CITY OF NEW YORK.

14.     That as a result of the foregoing, Defendant CITY OF NEW YORK is liable for the individual Defendants' acts under to the doctrine of "respondeat superior."

## NOTICE OF CLAIM

15.     Within 90 days of the occurrence of the incident, Plaintiff filed a written Notice of Claim with the City of New York.  This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

16.     On November 23, 2010, at approximately 6:30 p.m., in housing unit One West of OBCC, a jail at Riker's Island, two inmates began to fight with one another.

17.     Neither of these inmates was Plaintiff Roberto DeJesus.

18.     As a result of this fight, Correction Officer Captain J. Williams, Shield # 1631, ordered all of the inmates located in housing area One West of OBCC to lock into their cells so that the fight could be investigated.

19.     When Captain Williams ordered all of the inmates into their cells Plaintiff Roberto DeJesus, an inmate housed at One West, was on the phone.

20.     While many inmates became upset that they had to lock into their cells as a result of the fight, plaintiff attempted to fully comply with Captain Williams' directive.

21.     Specifically, plaintiff adhered to Captain Williams' order by getting off the phone so that he could enter his cell.

22.     However, because Plaintiff's cell was locked he was unable to enter his cell even though he wanted to obey Captain Williams' order.

23.     Inexplicably, Plaintiff was subsequently attacked by Defendants CORRECTION OFFICERS MICHAEL PATRICK McLAUGHLIN, LARON REESE, RICHARD TARDI and EDITH MARGARITO and other members of the NYCDOC.

24.     The physical attack on Plaintiff was unprovoked.

25.     The defendants punched and kicked Plaintiff and hit him with batons.

26.     This beating was so severe and excessive that plaintiff was first taken to the Riker's Island infirmary and then to Elmhurst hospital where was treated for injuries to his head, neck, back, abdomen, arms and legs.

27.     When Plaintiff was brought to Elmhurst hospital on a stretcher he was observed to have bruises and scratches all over his body.

28.     On or about 2011 Plaintiff was indicted by the Bronx County Grand Jury in case *People v. Roberto Dejesus*, Indictment No. 684/11. This indictment pertained to the incident on November 23, 2010 in which Plaintiff was seriously injured.

29.     According to the indictment, Plaintiff and five other inmates were charged with: Penal Law 240.06 (Riot in the First Degree); Penal Law 120.05 (7) (Assault in the Second Degree); Penal Law 120.05 (3) (Assault in the Second Degree); Penal Law 120.05 (2) (Assault in the Second Degree); Penal Law 120.00 (1) (Assault in the Third Degree); Penal Law 195.05 (Obstructing Governmental Administration in the Second Degree).

30.     In May of 2013, following a jury trial, *People v. Roberto Dejesus*, Indictment No. 684/11 was dismissed.

31.     Plaintiff suffered emotional distress, including nightmares, as well as physical pain and suffering because of his arrest and detention, assault and battery and malicious prosecution by the defendants.

32.     Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and against his will and was unlawfully deprived of his liberty and property.  In addition, as a result of the defendants' conduct plaintiff was seriously injured.

33.     In addition, following the incident Plaintiff was unfairly punished by being placed in punitive segregation for 205 days.

34.     Once placed in punitive segregation – also known as the "box" – an inmate is segregated from general population and deprived of whatever liberties that an inmate in general population would enjoy.

35.     Thus, when Plaintiff was in the "box", he was denied, for example, food, phone, and general hygiene privileges that are afforded to inmates in general population.

36.     The arrest of Plaintiff was committed by the Defendants without legal process and without probable cause.

37.     As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property. Plaintiff also suffered physical injury and was subject to malicious prosecution.

<u>FIRST CLAIM FOR RELIEF</u>
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

38.     Paragraphs 1 through 37 are herein incorporated by reference.

39.     Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

40.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

41.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally as follows:

7

A.     In favor of the Plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding Plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.     Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

42.     Paragraphs 1 through 41 are incorporated herein by reference.

43.     Defendant CITY OF NEW YORK is liable for the damages suffered by Plaintiff as a result of the conduct of its employees, agents, and servants.

44.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

45.     Upon information and belief, Defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made and allowed other fellow police officers to make false entries in official police department records to hide their wrongful conduct.

46.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

47.     Defendant CITY OF NEW YORK has damaged Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

48.     Defendants subjected Plaintiff to false arrest and false imprisonment.

49.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally as follows:

A.      In favor of the Plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding Plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

9

## THIRD CLAIM FOR RELIEF
(FOURTH AMENDMENT)

50.    Paragraphs 1 through 49 are incorporated herein by reference.

51.    Defendants CORRECTION OFFICERS MICHAEL PATRICK
McLAUGHLIN, LARON REESE, RICHARD TARDI and EDITH MARGARITO and
other members of the NYCDOC arrested Plaintiff, subjecting him to false arrest,
imprisonment, assault and battery, and deprivation of liberty without probable
cause.

52.    That as a result of the foregoing, Plaintiff has been deprived of the
following rights, privileges and immunities secured to him by the Constitution and
the laws of the United States: the right to be secure in his person and effects
against unreasonable search and seizure under the Fourth and Fourteenth
Amendments; the rights of the plaintiff not to be deprived of life, liberty or property
without due process of law under the Fourth and Fourteenth Amendments; and the
right to be free from a deprivation of his civil rights in violation of the statutes made
and provided.

53.    Plaintiff has been damaged as a result of the wrongful, negligent and
illegal acts of the Defendant CITY OF NEW YORK in the amount of Five Million
($5,000,000.00) Dollars.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly
and severally as follows:

A.    In favor of Plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding Plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

54.    Paragraphs 1 through 53 are incorporated herein by reference.

55.    Defendants CORRECTION OFFICERS MICHAEL PATRICK McLAUGHLIN, LARON REESE, RICHARD TARDI and EDITH MARGARITO and other members of the NYCDOC illegally arrested Plaintiff subjecting him to false arrest, imprisonment, assault and battery as well as deprivation of liberty without probable cause.

56.    That as a result of the foregoing, Plaintiff has been deprived of the following rights, privileges and immunities secured to him by the Constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the

11

right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

57.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of Defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally as follows:

A.    In favor of Plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding Plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

**SIX CAUSE OF ACTION**
(MALICIOUS PROSECUTION)

58.    Paragraphs 1 through 57 are incorporated herein by reference.

59.    Defendants caused a false accusatory instrument to be filed against Plaintiff.

60.    Following a jury trial the criminal instrument was dismissed and the criminal proceedings favorably terminated.

61.    Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

62.    Plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars as a result of the malicious prosecution implemented by the Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally as follows:

A.    In favor of the Plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding Plaintiff punitive damages in the amount of One Million ($5,000,000.00) Dollars;

C.    Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.


Dated: New York, New York
            November 22, 2013


                              FINK & KATZ, PLLC.

                              _____
                    By:   Jonathan A. Fink
                              One of Plaintiff's Attorneys




Attorneys for Plaintiff

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036