UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ROBERTO DEJESUS,                                            :
                                   Plaintiff,               :
                                                            :          13-CV-8366 (JPO)
            -v-                                             :
                                                            :          OPINION AND ORDER
THE CITY OF NEW YORK, and                                   :
CORRECTIONS OFFICERS MICHAEL                                :
PATRICK McLAUGHLIN, LARON REESE,                            :
RICHARD TARDI, and EDITH MARGARITO,                         :
                                   Defendants.              :
                                                            :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

        Defendants move for reconsideration of the portions of the Court's October 28, 2014,

Opinion and Order (Dkt. No. 19)[1] denying their motion to dismiss Plaintiff's Fourth Amendment

false-arrest claim.  Plaintiff moves for leave to amend his complaint, which motion Defendants

contest only as to Plaintiff's proposed amendment to his claim for malicious prosecution.  For

the reasons that follow, Defendants' motion is denied[2] and Plaintiff's motion is granted in part

and denied in part.

**I.      Legal Standards**

        **A.      Reconsideration**

---

[1] The Court assumes familiarity with the October 28 Opinion.

[2]  The Supreme Court of the United States is currently considering a case in which the petitioner
argues that "state officials' actions against a [pretrial] detainee that are 'physically intrusive' . . .
constitute a new seizure" under the Fourth Amendment.  Brief of the Petitioner at 29, Kingsley v.
Hendrickson, No. 14-6368 (March 2, 2015), *available at*
http://www.americanbar.org/content/dam/aba/publications/supreme_court_preview/BriefsV5/14-
6368_pet.authcheckdam.pdf.  Thus, it is possible that the Supreme Court will rule on the
applicability of the Fourth Amendment to pretrial detainees.  If the Supreme Court does so in a
way that warrants revisiting this Court's prior ruling, Defendants may renew their motion for
reconsideration.

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks omitted).  To prevail, the movant must demonstrate (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013) (Oetken, J.), *aff'd*, No. 13-3873-cv, 2015 WL 525697 (2d Cir. Feb. 10, 2015) (summary order).  A motion for reconsideration is not an opportunity "to obtain a second bite at the apple." *Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) (Oetken, J.).  Thus, the movant cannot rely on facts, issues, or arguments that were previously available but not presented to the court, or reargue issues that have already been considered.  *See Hayles v. Adv. Travel Mgmt. Corp.*, No. 01 Civ. 10017(BSJ)(DF), 2004 WL 117597, at *1 (S.D.N.Y. Jan. 26, 2004).  Rather, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**B.    Amendment**

Although leave to amend is freely granted, "leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).  "A determination that a proposed claim is futile is dictated by the same standards that govern a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citations omitted).

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible if the well-pleaded factual allegations of the complaint, presumed true, permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  Moreover, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.    Reconsideration

Defendants make two arguments in support of reconsideration.  First, they repeat their argument that "an inmate who was ultimately convicted of the charges for which he was being held cannot claim that he was falsely arrested on other charges."  (Dkt. No. 21, Memorandum of Law in Support of Defendant's Motion for Reconsideration, at 2 ["Defendant's Memorandum of Law"].)  The Court has already thoroughly addressed this argument and will not address it again here.  Next, Defendants argue that the Court erred by overlooking *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986), which, in their view, controls the outcome here.  In *Freeman*, the Second Circuit held that "the filing of unfounded charges is not *per se* a constitutional violation."  *Id.* at 950.  Although Defendants are correct that even if DeJesus proves that the disciplinary charges against him were false he will not automatically prevail, that rule says nothing about whether he can or cannot state a Fourth Amendment claim.

Defendants have not brought any controlling authority to the Court's attention that was previously overlooked and, therefore, their motion for reconsideration is denied.  Nonetheless, two points are worth clarifying.

3

First, it is worth noting that the parties are in an unusual situation chiefly because Plaintiff chose to plead a Fourth Amendment claim in this context.  Defendants are certainly correct that, ordinarily, a Plaintiff in this circumstance would plead a due process claim alone.  And, as the Court made clear in its October 28 Opinion, the inquiries in this context will be nearly identical.

But the weight of authority suggests that suffering an *additional* deprivation of liberty while incarcerated is a "seizure";[3] and seizures must be "[]reasonable."  U.S. CONST. amend IV.  Contrary to Defendants' argument, "reasonable" in this context does not necessarily mean "not based on false accusations."  *See Freeman*, 808 F.2d. at 950.  Rather, in almost all cases, "reasonable" likely means "in compliance with the standards for procedural due process."  If that is the case, then there is no actual difference between this claim and a due process claim unless (1) a hearing that complies with the due process clause could produce a result that is unreasonable or (2) a hearing that does not comply with the due process clause could produce a result that is reasonable.

Because neither (1) nor (2) seems likely under prevailing definitions of reasonableness and due process—perhaps they are impossible—Plaintiff's success in pleading a Fourth Amendment claim will likely have no impact on this case.  Nonetheless, the Court need not, and

---

[3] Defendants contend that "[a] close reading of the[] cases [that hold that Plaintiff has a liberty interest protected by the Fourth Amendment] show [*sic*] that they all hold that plaintiff has a liberty interest that is protected when inmates receive due process under the Fourteenth Amendment."  (Defendants' Memorandum of Law, at 4 n.4 (citing, *inter alia*, *Sandin v. Connor*, 515 U.S. 472 (1995).)  Defendants do not address the Court's reliance on *Leslie v. Doyle*, 125 F.3d 1132, 1135 (7th Cir. 1997), which explained how and why the Fourth Amendment "seizure" inquiry and the due process "liberty" inquiry are the same.  Thus, although Defendants are correct that *Sandin* was a due process case, they offer no reason to believe this argument is in tension with the Court's holding, let alone a reason why the Court should reconsider its holding.

does not, decide these questions now because they will not affect the scope of discovery and the parties will have the opportunity to address them on summary judgment or otherwise before trial.

## III.    Leave to Amend

Plaintiff moves for leave to amend his complaint.  Defendants oppose Plaintiff's motion only as to his malicious prosecution claim and only on the ground that amendment would be futile.  Thus, the question is whether Plaintiff's proposed amendment states a malicious prosecution claim sufficient to survive a motion to dismiss under Rule 12(b)(6).

Defendants offer two arguments that Plaintiff's malicious prosecution claim is invalid. First, they contend that Plaintiff has not suffered a deprivation of liberty sufficient to implicate the Fourth Amendment.  This argument is addressed—and rejected—above.  Second, Defendants contend that Plaintiff has not sufficiently pleaded that his punitive segregation was the result of a "judicial proceeding" as required by the tort of malicious prosecution.  *See Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997) (Kearse, J.) ("[S]ince the gist of a claim for malicious prosecution is abuse of the judicial process, a plaintiff pursuing such a claim under § 1983 must show that the seizure resulted from the initiation or pendency of judicial proceedings.").  In response, Plaintiff argues that whatever hearing might have preceded his punitive segregation might have counted as a "judicial proceeding" within the meaning of *Murphy.  Id.*

Plaintiff may be correct that some New York prison disciplinary hearings could qualify as "judicial."  *See Groat v. Town Bd. Of Town of Glenville*, 73 A.D.2d 426, 429 (N.Y. App. Div. 3d Dep't 1980); *Treacy v. State*, 501 N.Y.S.2d 1005, 1006–7 (N.Y. Ct. Cl. 1986).  But Plaintiff has not pleaded any facts about the hearing.  Indeed, the gist of his Fourteenth Amendment claims is that he was not given *any* legal process.  (Dkt. No. 29, Declaration of Jonathan R. Miller, Ex. 2 Proposed Amended Complaint ¶ 39 ("The arrest of Plaintiff was committed by the Defendants without legal process . . . .").)  Therefore, *a fortiori*, he has pleaded no facts to give

5

rise to a reasonable inference that the hearing was "judicial" and that his detention was the result of an abuse of the judicial process.  Plaintiff's motion for leave to amend his malicious prosecution claim is therefore denied.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion for reconsideration is denied and Plaintiff's motion for leave to amend is granted in part and denied in part.  Plaintiff shall file an amended complaint no later than May 15, 2015.

The parties are directed to update the Court on the status of discovery, by joint letter, no later than May 21.

The Clerk of the Court is directed to close the motions at docket numbers 20 and 28.

SO ORDERED.

Dated:  April 28, 2015
         New York, New York

_____
         J. PAUL OETKEN
         United States District Judge